IN THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| ANDREW WILLIAMS,<br>ADVANCED DIESEL TECHNOLOGIES LLC,<br>JOHN WILLIAMS,<br>ACKERVILLE TOWING AND SERVICES, LLC,<br>HAROLD WILLIAMS, and<br>RALPH WILLIAMS SERVICE LLC, | *<br><br>*<br><br>* | |
| Plaintiffs-Appellants, | * | |
| -vs- | * | Appeal No. 25-2509 |
| COUNTY OF WASHINGTON, WISCONSIN,<br>a municipal corporation; MARTIN R.<br>SCHULTEIS, in his individual and official<br>capacity, and BRUCE THEUSCH, in his<br>individual and official capacity, | *<br><br>*<br><br>* | |
| Defendants-Appellees. | * | |

Appeal from the Final Judgement of the United States
District Court for the Eastern District of Wisconsin
(District Court Case No. 23-cv-01668-JPS)
Honorable Joseph P. Stadtmueller, District Judge

REPLY BRIEF OF PLAINTIFFS-APPELLANTS

A. Steven Porter
State Bar No. 01000195
Attorney for Plaintiffs-Appellants
P.O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
(608) 819-6466 (fax)
(608) 698-9319 (cell)
asp5949@gmail.com

# TABLE OF CONTENTS

Table of Cases .......................................................................................................... iii

**SUMMARY OF THE ARGUMENT** …………………………………………..… 1

**ARGUMENT** ......................................................................................................... 1

    I.       <u>Plaintiffs Stand on Their Arguments in Their Brief-in-Chief.</u> ………………… 1

    II.     <u>Defendants Schulteis and Theusch Are Not Entitled to Qualified Immunity.</u> …. 2

         A.  The Doctrine of Qualified Immunity Is an Illegitimate Doctrine that Serves No Legitimate Purpose, Did Not Exist at the Time of the Adoption of the Fourteenth Amendment, Was Not Intended to Be Incorporated into the Equal Protection Clause of the Fourteenth Amendment, Is Contrary to the Purposes of the Fourteenth Amendment and Should Not be Applied in this Case. ……………………………… 3

         B.  The Individual Defendants Do Not Qualify for Qualified Immunity**. ………..** 4

    III.    CONCLUSION ………...……………………………………………...…... 8

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

## **<u>Cases</u>**

*Abbott v. Sangamon County*, 705 F.3d 706 (7th Cir. 2013) …………….…………….…………….. 6

*Anderson v. Creighton*, 483 U.S. 635 (1987) …………………………………………………… 5

*Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005) ………………………………………………… 5

*Davis v. Scherer*, 468 U.S. 183 (1984) ……………………………………………………….. 4-5

*Eberhardt v. O'Malley*, 17 F.3d 1023 (7th Cir. 1994) ……………………………….,,,,,,….. 6

*Frederickson v. Landeros*, 943 F.3d 1054 (7th Cir. 2019) ……………………………………… 7

*Geinosky v. City of Chicago*, 675 F.3d 743 (7th Cir. 2012) ………………………………… 1-2, 7-8

*Gomez v. Toledo*, 446 U.S. 635 (1980) ………………………………………...………………… 4

*Green v. Thomas*, No. 3:23-CV-126-CWR-ASH, 2024 U.S. Dist. LEXIS 90805
  (S.D. Miss. 2024) ……………………………………………………………...……….... 3

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ……………………………………….....…. 4-5

*Hope v. Pelzer*, 536 U.S. 730 (2002) ……………………………………………………………… 6

*Kernats v. O'Sullivan*, 35 F.3d 1171 (7th Cir. 1994) …………………………………….……… 6

*K.H. ex rel. Murphy v. Morgan*, 914 F.2d 846 (7th Cir. 1990) ………………..…………………… 6

*Landstrom v. Illinois Dep't of Children and Family Servs.*, 892 F.2d 670 (7th Cir. 1990) …..…….. 6

*McDonald v. Haskins*, 966 F.2d 292 (7th Cir. 1992) ……………………………………..……….. 6

*Mordi v. Zeigler*, 770 F.3d 1161 (7th Cir. 2014) ………………………………………..………… 5

*Mullenix v. Luna*, 577 U.S. 7 (2015) ……………………………………………………………… 3

*Nelson v. Streeter*, 16 F.3d 145 (7th Cir. 1994) …………………………………………………… 6

*Northen v. City of Chicago*, 126 F.3d 1024 (7th Cir.,1997) …………………………………….. 6

*Owen v. City of Independence*, 445 U.S. 622 (1980) ……………………………………………… 4

*Rakovich v. Wade*, 850 F.2d 1180 (7th Cir. 1988) ………………………………………………… 5

*Rice v. Burks*, 999 F.2d 1172 (7th Cir. 1993) …………………………………….………… 6-7

*Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) …………………………...………... 6-7

## Statutes,  Rules and Ordinances and Other Authority

Statutes:

42 U.S.C. § 1983 ..……………………………………..…………………………………………… 4

Other Authority:

Fourteenth Amendment …………………………………………………………………………. 3

Adelman, Lynn, "The Supreme Court's Quiet Assault on Civil Rights," *Dissent Magazine*
     (Fall 2017) (The Supreme Court's Quiet Assault on Civil Rights - Dissent Magazine) ... 4

*Summary of the Argument*

With regard to the arguments pertaining to the decision of the District Court, plaintiffs stand upon their arguments in their brief-in-chief. Defendants' arguments and speculations about possible rational bases for variations in the allocation of no-preference tow calls simply cannot overcome the magnitude of the disparity in the number of calls defendants allocated to plaintiffs as compared to Homers' year after year. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

With regard to the issue of qualified immunity, which was not decided by the District Court, plaintiffs argue that defendants Schulteis and Theusch are not entitled to qualified immunity.

Qualified immunity is a judicially created doctrine that serves to bar certain claims against government actors sued in their individual capacity for their discretionary acts that deprive people of their Constitutional rights. Qualified immunity is a discredited doctrine that courts should not employ to shield government actors from liability for their deprivations of people's Constitutional rights. But, in any event, qualified immunity is not available to defendants Schulteis and Theusch in this case because the law was clear as early as 2012 that when, as here, there is a pattern of substantial numbers of instances of unjustified disparate treatment of plaintiffs by government officials in the performance of what might otherwise be characterized as discretionary acts, absent a reasonable explanation, the pattern adds up to deliberate and unjustified official deprivation under the Equal Protection Clause. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

## ARGUMENT

I.      Plaintiffs Stand on Their Arguments in Their Brief-in-Chief.

In response to defendants' arguments concerning plaintiffs' assertion of errors in the District Court decision below, plaintiffs stand on their arguments set forth in their brief-in-chief. Defendants' arguments and speculations about possible rational bases for variations in the allocation of no-preference tow calls simply cannot overcome the magnitude of the disparity in the number of calls defendants allocated to plaintiffs as compared to Homers' year after year. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

II.     Defendants Schulteis and Theusch Are Not Entitled to Qualified Immunity.

Defendants argue that, if this Court "conclude[s] that any class-of-one claim survives, this Court should nonetheless dismiss those claims based on qualified immunity." (Document 16, pp. 29-30.) Qualified immunity is a judicially created doctrine that serves to bar certain claims against government actors sued in their individual capacity for their discretionary acts that deprive people of their Constitutional rights. Qualified immunity is a discredited doctrine that courts should not employ to shield government actors from liability for depriving people of their Constitutional rights. But, in any event, qualified immunity is not available to defendants Schulteis and Theusch in this case because the law was clear as early as 2012 that when, as here, there is a pattern of substantial numbers of instances of unjustified disparate treatment of plaintiffs by government officials in the performance of what might otherwise be characterized as discretionary acts, absent a reasonable explanation, the pattern adds up to deliberate and unjustified official deprivation under the Equal Protection Clause. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

A. The Doctrine of Qualified Immunity Is an Illegitimate Doctrine that Serves No Legitimate Purpose, Did Not Exist at the Time of the Adoption of the Fourteenth Amendment, Was Not Intended to Be Incorporated into the Equal Protection Clause of the Fourteenth Amendment, Is Contrary to the Purposes of the Fourteenth Amendment and Should Not be Applied in this Case.

In *Green v. Thomas*, No. 3:23-CV-126-CWR-ASH, 2024 U.S. Dist. LEXIS 90805 (S.D. Miss. 2024), District Judge Carlton W. Reeves held that "qualified immunity has no basis in law. It is an extra-constitutional affront to other cherished values of our democracy." In the introduction to his legal analysis, Judge Reeves states:

> Qualified immunity was invented by the Supreme Court in 1967. In plain English, it means persons wronged by government agents cannot sue those agents unless the Supreme Court previously found substantially the same acts to be unconstitutional. See Mullenix v. Luna, 577 U.S. 7, 11-12, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015). A cynic might say that with qualified immunity, government agents are at liberty to violate your constitutional rights as long as they do so in a novel way.
>
> Most plaintiffs in this situation argue that the officer that wronged them isn't entitled to qualified immunity. Green does that. Unlike others, though, he has taken the next step and argued that qualified immunity is itself unlawful. He joins lawyers, professors, judges, and even Supreme Court Justices who have called for the doctrine's re-evaluation, if not its abolition.
>
> The Court agrees with these calls for change. Congress's intent to protect citizens from government abuse cannot be overridden by judges who think they know better. As a doctrine that defies this basic principle, qualified immunity is an unconstitutional error. It is past time for the judiciary to correct this mistake.

Id. at 2-3.

The opinion in *Green* details how the judicially created doctrine of qualified immunity is ahistorical, a-textual and contrary to the intent and purpose of the rights intended to be vindicated by the Fourteenth Amendment.

United States District Court Judge Lynn Adelman presaged Judge Reeves in his article, "The Supreme Court's Quiet Assault on Civil Rights," *Dissent Magazine* (Fall 2017), pp. 3-4.[1] Judge Adelman observes,

> The text of Section 1983 says nothing about qualified immunity. Where, then, does the doctrine come from? As one scholar, William Baude of the University of Chicago Law School, has explained, the simple answer is that the Supreme Court made it up. Qualified immunity is a limitation on Section 1983 that the Court created in 1982 without support in the statute's text or legislative history…. The fact is that there is no persuasive legal basis for the doctrine.

Based upon the spurious foundations of the doctrine of qualified immunity, plaintiffs suggest that this Court should apply it loosely and deferentially to plaintiffs' claims in this case so that their opportunity to vindicate their important Constitutional rights is not constrained or impaired.

B.    The Individual Defendants Do Not Qualify for Qualified Immunity.

Qualified immunity from claims for damages is available to individual government officers. *Owen v. City of Independence*, 445 U.S. 622, 650 (1980). It is not available to municipalities, nor is it available with regard to claims for injunctive relief. *Id*.

To be entitled to qualified immunity from liability under §1983, defendants must show that their acts were discretionary, reasonably within the scope of their employment and "objectively reasonable." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (Qualified immunity is an affirmative defense that must be pleaded by the defendant). The standard is an objective one, a defendant's subjective knowledge or belief is not relevant. *Harlow v. Fitzgerald*, 457 U.S. at 815-9; *Davis v. Scherer*, 468 U.S. 183, 191 (1984),

---

[1] The article can be found at: The Supreme Court's Quiet Assault on Civil Rights - Dissent Magazine.

*reh. den.*, 468 U.S. 1226. A defendant's actions are "objectively reasonable," even if they violated plaintiffs' constitutional rights, so long as the rights violated were not "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. A reasonable person is deemed, as a matter of law, to have known all laws and statutes that were clearly established at the time the acts were committed. *Harlow v. Fitzgerald*, 457 U.S. at 818-9.

Whether a particular constitutional or statutory right was clearly established at the time of defendants' actions must be determined with regard to the specific circumstances of the case. *Anderson v. Creighton*, 483 U.S. 635, 639-40 (1987). The court must examine the facts in the light most favorable to plaintiffs and evaluate whether the defendants violated a constitutional right that was clearly established at the time of the injury. *Board v. Farnham*, 394 F.3d 469, 476 (7th Cir. 2005) ("even qualified immunity does not change the rule that facts must be construed in favor of the nonmoving party on a motion for summary judgment"); *Mordi v. Zeigler*, 770 F.3d 1161, 1164 (7th Cir. 2014) ("The court cannot resolve disputed issues of fact when it addresses [whether a constitutional violation occurred] because the ordinary rules governing summary judgment apply in that situation."); *Rakovich v. Wade*, 850 F.2d 1180, 1204-5 (7th Cir. 1988).

Qualified immunity applies unless the contours of the constitutional right allegedly violated are "sufficiently clear that a reasonable official would understand that what he is doing violates that right. [But, t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful…." *Anderson v. Creighton*, 483 U.S. at 639. The right must be clearly established in a particularized sense rather than in an abstract or general sense, however, a case directly on point is not required for a right to be clearly established and officials can still be on notice that their conduct violates established

law even in novel factual circumstances. *Hope v. Pelzer*, 536 U.S. 730, 741(2002); *Abbott v. Sangamon County*, 705 F.3d 706, 731 (7th Cir. 2013).

For a right to be clearly established does not mean that plaintiffs must direct the court to a case that is "precisely on all fours on the facts and law involved here," *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176-77 (7th Cir. 1994); *Landstrom v. Illinois Dep't of Children and Family Servs.*, 892 F.2d 670, 676 (7th Cir. 1990). And, one need not cite a case at all if the constitutional violation is obvious. See *Eberhardt v. O'Malley*, 17 F.3d 1023, 1028 (7th Cir. 1994) ("This is such an elementary violation of the First Amendment that the absence of a reported case with similar facts demonstrates nothing more than widespread compliance with well-recognized constitutional principles."); see also *Nelson v. Streeter*, 16 F.3d 145, 151 (7th Cir. 1994); *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993); *McDonald v. Haskins*, 966 F.2d 292, 295 (7th Cir. 1992); *K.H. ex rel. Murphy v. Morgan*, 914 F.2d 846, 851 (7th Cir. 1990).

The Court of Appeals for the Seventh Circuit observed in *Northen v. City of Chicago* that:

> The paucity of judicial decisions on a particular question may indicate, not the lack of clarity in the law, but rather that the question is so clear that rational parties to litigation have not wasted resources disputing it.

126 F.3d 1024, 1028 (7th Cir.,1997), cert. denied, 523 U.S. 1023 (1998). The *Northen* court went on to explain:

> [P]olice cannot obtain immunity for liability for false arrests by arresting people on preposterous charges and then pointing to the absence of any judicial decision that declares the statutory interpretation underlying the charges to be preposterous. Their interpretation must be reasonable in light of existing law. [Citations omitted.]

*Northen v. City of Chicago*, 126 F.3d at 1028.

In *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019), the Seventh Circuit

held in 201919 that, for purposes of the question of qualified immunity regarding a class-of-one

equal protection claim, the Supreme Court's decision in 2000 in *Village of Willowbrook v. Olech*,

528 U.S. 562, 564, (2000) defines the inquiry that the court must conduct to be: has the state

actor intentionally discriminated against the plaintiff without any rational basis for this

differential treatment? The Court explained that it is well established that the Equal Protection

Clause of the Fourteenth Amendment requires that state actors have, at a minimum, a rational

basis for treating similarly situated people differently. *Frederickson v. Landeros*, 943 F.3d at

1056-57.

*Olech* therefore defines the inquiry that we must conduct: have plaintiffs adduced

sufficient evidence to place in contest the issue of whether defendants Schulteis and Theusch

intentionally discriminated against them without any rational basis for this differential treatment.

*Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019). In addition, *Geinosky v. City of

Chicago*, 675 F.3d at 745, clearly established in 2012 that if there is a pattern of substantial

numbers of instances of unjustified disparate treatment of plaintiffs by government officials in

the performance of what might otherwise be characterized as discretionary acts, absent a

reasonable explanation, the pattern adds up to deliberate and unjustified official harassment

under the Equal Protection Clause.

Thus, an objective administrator of a no-preference tow dispatch system would have been

on notice in 2020 that the Equal Protection Clause required that the system be operated without

the substantial bias in favor or against any individual tow company participating in the system

that is evidenced in this case. See, *Rice v. Burks*, 999 F.2d at 1174 ("Rice could have evaded the

application of qualified immunity without identifying a closely analogous case if he showed that

the force used was so plainly excessive that the police officers should have been on notice that they were violating the Fourth Amendment.")

### III.    CONCLUSION

Plaintiffs' arguments in their brief-in-chief pointing out error in the decision of the District Court below adequately address defendants' arguments in their brief-in chief concerning the decision below. Defendants' arguments and speculations about possible rational bases for variations in the allocation of no-preference tow calls simply cannot overcome the magnitude of the disparity in the number of calls defendants allocated to plaintiffs as compared to Homers' year after year. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012). So, no reply to defendants' brief is needed except to respond to the newly-raised issue of qualified immunity.

Qualified immunity is not available to defendants Schulteis and Theusch in this case because the law was clear as early as 2012 that when, as here, there is a pattern of substantial numbers of instances of unjustified disparate treatment of plaintiffs by government officials in the performance of what might otherwise be characterized as discretionary acts, absent a reasonable explanation, the pattern adds up to deliberate and unjustified official deprivation under the Equal Protection Clause. *Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

The decision of the District Court to the extent it grants defendants motion for summary judgement must be reversed and the case remanded for trial on the merits of plaintiffs' claims.

Dated this 2nd day of February, 2026.

_____/s/ A. Steven Porter_____

8

A. Steven Porter
State Bar No. 1000195
Attorney for Plaintiffs
Andrew Williams, Advanced Diesel
Technologies LLC, John Williams,
Harold Williams, Ackerville Towing and
Services, LLC, and Ralph Williams Service
LLC

P. O. Box 7093
Madison, Wisconsin 53707
(608) 662-2285
(608) 819-6466 (fax)
(608) 698-9319 (cell)
asp5949@gmail.com

9

**CERTIFICATION**

I hereby certify that this brief complies with the type-volume limitations contained in Circuit Rule 32(a)(7) for a brief produced with a proportional serif font with a 12-point type-face.

The length of this brief is 2,423 words by word-count of the word processor used.


Dated this 2nd day of February, 2026.


                                         _/s/ A. Steven Porter_
                                        Attorney A. Steven Porter
                                        State Bar No. 01000195